UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN PIEPER,

    Plaintiff,                  CASE NO.: 8:23-cv-646

v.

CITY OF BRADENTON,
BRADENTON POLICE DEPARTMENT,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Benjamin Pieper ("Pieper" or "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CITY OF BRADENTON, BRADENTON POLICE DEPARTMENT, and states:

### JURISDICTIONAL STATEMENT AND PARTIES

1. This is an action at law against Defendant to redress the deprivation, under color of law, statute, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First and Fourteenth Amendments to the United States Constitution codified at 42 U.S.C. § 1983, for deprivation of Plaintiff's First Amendment right to free speech on matters of public concern and Fourteenth Amendment protections against the deprivation of life, liberty or property without

due process. This action seeks declaratory, injunctive and equitable relief, compensatory damages, costs and attorney's fees.

2. Additionally, this is an action for damages, injunctive relief, attorneys' fees and costs pursuant to the Florida Public Whistleblower Act, § 112.3187 *et seq*, *Fla. Stat.* ("FWA").

## PARTIES, JURISDICTION, AND VENUE

3. At all times material hereto, Plaintiff, Benjamin Pieper, has been a resident of the State of Florida. He was employed by Defendant at all times pertinent hereto as a law enforcement officer and is *sui juris*.

4. At all times material hereto, Defendant, City of Bradenton, Bradenton Police Department ("BPD" or "Defendant"), has been organized and existing under the laws of the State of Florida, is a political subdivision of the State of Florida and/or the City of Bradenton, Florida, and was Plaintiff's "employer" at the time of the actions giving rise to the instant complaint, as that term is used under the applicable laws set forth above.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and 1367, and 42 U.S.C. §§ 1983 and 1988. The Court has original jurisdiction under 28 U.S.C. §1343(3).

6. Compensatory, declaratory, injunctive and equitable relief is sought pursuant to, *inter alia*, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1983.

7. Costs and attorney's fees may be awarded pursuant to, *inter alia*, 42 U.S.C. § 1988 and/or the Florida Public Whistleblower Act.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because all of the actions upon which this case is based were committed and/or occurred within the Middle District of Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. All conditions precedent were satisfied prior to the filing of this Complaint.

## FACTS

10. Mr. Pieper was hired by Defendant in November 2003 as a police officer. In 2004, he was recalled to service in the Marines for one year in Iraq, and then returned to work with Defendant in 2005.

11. Upon his return in 2006, he began working as a Detective in the Special Investigations Unit and remained in that unit until 2019.

12. Melanie Bevan has been the Chief of the Bradenton Police Department since 2016.

13. The BPD is comprised of three Divisions: Patrol Division, Patrol Support Division, and the Office of the Chief.

14. The Office of the Chief oversees the Office of Professional Standards ("OPS") which houses Internal Affairs ("IA"), the Training Unit, the Legal Unit, and the Accreditation Unit.

15. In 2019, Pieper was moved to the Training Division as a Detective.

16. Then in April 2020, Pieper moved to be a Detective in the Narcotics Division where he remained until June 2022.

17. In February 2022, there was a survey done through the Police Benevolent Association ("PBA"), the union for law enforcement members, about the administration and overall morale and practices at Defendant.

18. In June 2022, the PBA published the results from the February survey at the Bradenton Police Department. Although the PBA survey was conducted anonymously, BPD's administration began retaliating against officers they believed took part in the survey, calling them "cowards" and going to great lengths to attempt to find out specifically which officers responded to the survey.

19. The PBA survey revealed that there were numerous issues occurring within Defendant, primarily involving Chief Bevan and command staff.

20. In June 2022, after the PBA Survey was released, Pieper was moved to the Patrol Division; he was told this would be a temporary move due to staffing issues.

21. After the PBA survey was released, in June 2022, Pieper authored a letter detailing additional allegations against Bevan and her command staff which were not included in the PBA survey ("Letter").

22. In or around early June 2022, the Letter was sent to Rodney Jones, a local activist. Rodney Jones then disseminated the letter to the Mayor, Bevan, over a hundred other members of government, the City of Bradenton Police Department, and the public.

23. Bevan provided the email from Rodney Jones to Internal Affairs for an investigation into the sender and the author of the Letter for the sole purpose of retaliating against the author.

24. On July 19, 2022, after BPD determined that Pieper likely authored the Letter, he was placed on administrative duty based pending an Internal Affairs investigation based upon the Letter.

25. Pieper's Letter was protected speech, as Pieper authored the Letter in his capacity as a private citizen – not as an employee of the government – which implicated matters of public concern, namely misfeasance, malfeasance, gross mismanagement and/or gross neglect of duty by Chief Bevan and others in command at BPD.

26. This action was taken in retaliation for making protected disclosures about misfeasance, malfeasance, gross mismanagement, and/or gross neglect of duty by Chief Bevan and others in command at BPD in the Letter.

27. Pieper's administrative leave started with him being assigned to the Real Time Crime Center, which was not even operational. Later, he was permanently assigned to work the front desk despite that there was full coverage already there.

28. On September 30, 2022, Pieper was notified that the IA case was going to be scheduled for a command board review, which meant that the investigation was complete.

29. On January 27, 2023, Pieper sent a written complaint to Mayor Gene Brown, who is the police commissioner for the City of Bradenton, Chief Bevan, Captain Knight, Captain Thiers, Acting Captain Waller, and Assistant Chief Weisman and Brenda Lovett, Human Resources, notifying them that he was being retaliated against for his protected speech.

30. In addition to being protected First Amendment speech, Pieper's January 27th email is a protected Whistleblower disclosure.

31. On January 30, 2023 there was a command board review of the IA investigation findings.

32. That same day, BPD notified Pieper that he was being suspended without pay, made him turn over his badge and service weapon and was made to leave the building.

33. On February 2, 2023, Lieutenant Christopher Deshaies notified Pieper that a pre-disciplinary hearing was scheduled for Friday, February 10, 2023 at 10:00 a.m.

34. It turns out that the pre-disciplinary hearing was actually held on February 9, 2023, where it was determined that Pieper would be terminated from employment.

35. Pieper was terminated in retaliation for making protected disclosures pursuant to the FWA and/or for his First Amendment protected speech.

36. Specifically, the February 10, 2023 letter, signed by Bevan, sent to Pieper confirming his termination from BPD stated:

> Your employment with the Bradenton Police Department is terminated effective February 9, 2023, due to a sustained Group III of Publish False and/or Malicious Statement about Employee/Supervisors (PGO 401), a sustained Group III offense of Improper Conduct (PGO 401), a sustained Group III offense of Conduct Unbecoming (PGO 401), a sustained Group III offense of Publicly Criticize Department/Employees (PGO 401), a sustained Group III offense of Police Code of Conduct (PGO 200) and a sustained Group III offense of Section 9.6 of the City of Bradenton Handbook, Electronic and Telephonic Communications and Equipment.

37. Defendant's treatment of Pieper, including but not limited to his assignments during the IA investigation and ultimate termination, permitting Bevan to both act as the complainant and sit on Pieper's command review board despite the fact that a clear conflict existed, failing to conduct an independent investigation by a neutral third party into the allegations into Pieper's Letter and whistleblower disclosure, and/or engaging in blatant violations of the Police Officers' Bill of Rights, codified at Fla. Stat. §112.531 *et. seq.*, were in retaliation for making protected disclosures pursuant to the FWA and/or for his First Amendment protected speech.

38. The actions of Defendant have forced Plaintiff to hire the undersigned law firms and pay it reasonable fees and costs, which he is entitled to recover pursuant to 42 U.S.C. § 1988.

39. Pieper has no plain, adequate or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from this treatment unless it is enjoined by this Court.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully incorporated herein by reference.

41. During all times material hereto, Defendant acted under color and pretense of state law, under the color of statutes and customs of the State of Florida

and the Statues, ordinances and customs of the State of Florida.

42. The City engaged in the illegal and unconstitutional conduct described herein and caused injury to Pieper and deprived him of the rights, privileges and immunities secured to him by the First and Fourteenth Amendments to the United States Constitution and the laws of the United States of America and State of Florida.

43. The above-referenced actions deprived Pieper of at least the following rights secured by the United States Constitution:

    a. The First Amendment right not to be discharged from public employment and/or otherwise retaliated against for public speech on matters of public concern;

    b. The First Amendment right to freedom of speech on matters of public concern, to wit: the Plaintiff's right to author the Letter and/or email the Mayor and others, which documents are available to the public, regarding views on a matter fairly considered as relating to a matter of political, social or other concern to the community; and

    c. The First Amendment right to freedom of speech on a matter of public concern. The issue of whether the Chief of Police is engaging in malfeasance, misfeasance, gross mismanagement, gross neglect of duty, and/or illegal activity is clearly a matter of legitimate public concern.

44. Defendant knew or should have known that its actions deprived Pieper

of his constitutional rights as set forth above.

45. Defendant was, at minimum, reckless or deliberately indifferent to Pieper's constitutional rights as set forth above.

46. As a result of the unlawful and/or unreasonable and/or malicious attempt to punish Pieper and the unlawful and/or malicious denial of his rights guaranteed to him by the laws of the United States and the State of Florida, Defendant denied Pieper of his First and Fourteenth Amendment rights under the United States Constitution and 42 U.S.C. § 1983.

47. The Defendant is liable pursuant to an established policy, custom or usage for, among other reasons:

    a. Defendant, through the highest ranking available supervisory personnel, approved or, acquiesced to and/or condoned the First Amendment violations in general, thereby ratifying and approving the wrongful acts of their officials;

    b. Defendant failed, through knowing and/or reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of personnel and officials to refrain from unlawfully retaliating against employees for exercising their First Amendment rights; and

    c. Defendant did not properly train their personnel despite actual

knowledge of their deficiencies and/or through deliberate indifference to those deficiencies.

48. Defendant had the power to prevent or aid in preventing the commission of the aforementioned constitutional violations and could have done so by reasonable diligence; instead, the Defendant knowingly, recklessly and with deliberate and/or conscious indifference failed or refused to correct the constitutional violations and/or tacitly approved such wrongs.

49. As a direct and proximate result of the actions or omissions of the Defendant, Pieper has suffered damages, including but not limited to embarrassment, humiliation, emotional distress, loss of earnings, injury to reputation, and loss of rights described herein. These damages have occurred in the past, are occurring at present and will continue to occur in the future.

**COUNT II**
**VIOLATION OF FLORIDA'S PUBLIC WHISTLE BLOWER ACT**

50. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully incorporated herein by reference.

51. This is an action against Defendant under §112.3187 et seq.

52. Plaintiff was a public employee protected under the provisions of Chapter 112, Florida Statutes.

53. As stated more specifically, in part, above, Plaintiff reported and disclosed violations of rules, regulations and laws to a person who had the authority

11

to investigate, police, manage and otherwise remedy the violations. Plaintiff reported acts specifically outlined in §112.3187(5), et seq., Florida Statutes.

54. After providing information, as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory action.

55. Under §112.3187(4), Defendant is prohibited from taking adverse personnel action against persons who disclose the types of information disclosed by Plaintiff. Specifically, Defendant is prohibited from dismissing, disciplining or otherwise taking any other adverse personnel action against an employee for disclosing information pursuant to the provisions of §112.3187(4), Florida Statutes. Under §112.3187(3)(c) "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

56. After making the disclosures identified in part above, Plaintiff suffered an adverse employment action, termination.

57. Plaintiff maintains that the actions of all employees within Defendant who affected his employment adversely did so in retaliation against him for his "whistleblowing" activities.

58. As a direct and proximate result of the actions taken against him by

Defendant, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, stress, embarrassment, emotional damages and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable count set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)   award Plaintiff interest and equitable relief; and

(g)   grant such other further relief as being just and proper under the circumstance.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 23rd day of March, 2023,

    */s/ Tiffany R. Cruz*
Tiffany R. Cruz
Florida Bar No.: 090986
CRUZ LAW FIRM
411 N. Calhoun Street
Tallahassee, FL 32301
Telephone: (850) 702-8838
Tiffany@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com
Counsel for Plaintiff


Michelle A. Grantham
Florida Bar No.: 1010509
NAJMY THOMPSON, P.L.
1401 8th Avenue West
Bradenton, FL 34205
Telephone: (941) 748-2216
Facsimile: (941)748-2218
MGrantham@najmythompson.com
lweaver@najmythompson.com
Trial Counsel for Plaintiff